*10*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

D-1 ROMMEL PEREZ,

Defendant.

_____/

Case: 2:19-cr-20475
Judge: Berg, Terrence G.
MJ: Stafford, Elizabeth A.
Filed: 07-16-2019 At 03:07 PM
INFO USA V. PEREZ (DA)

VIO: 18 U.S.C. § 371
     18 U.S.C. § 981
     18 U.S.C. § 982
     21 U.S.C. § 853

## INFORMATION

THE UNITED STATES OF AMERICA CHARGES:

### General Allegations

At all times relevant to this Indictment:

### The Medicare Program

1.  The Medicare program was a federal health care program providing benefits to persons who were over the age of 65 or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services (CMS), a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3. The Medicare program included coverage under two primary components, hospital insurance ("Part A"), and medical insurance ("Part B"). Part A covered physical therapy, occupational therapy, and skilled nursing services if a facility was certified by CMS as meeting certain requirements. Part B of the Medicare Program covered the cost of physicians' services and other ancillary services not covered by Part A.

4. National Government Services was the CMS intermediary for Medicare Part A in the state of Michigan. Wisconsin Physicians Service was the CMS contracted carrier for Medicare Part B, which included home visits, in the state of Michigan. TrustSolutions LLC was the Program Safeguard Contractor for Medicare Part A and Part B in the state of Michigan until April 24, 2012, when it was replaced by Cahaba Safeguard Administrators LLC as the Zone Program Integrity Contractor (ZPIC). The ZPIC is the contractor charged with investigating fraud, waste and abuse. Cahaba was replaced by AdvanceMed in May 2015.

5. By becoming a participating provider in Medicare, enrolled providers agreed to abide by the policies and procedures, rules, and regulations governing reimbursement. In order to receive Medicare funds, enrolled providers, together with their authorized agents, employees, and contractors, were required to abide by

all the provisions of the Social Security Act, the regulations promulgated under the Act, and applicable policies, procedures, rules, and regulations issued by CMS and its authorized agents and contractors.

6. Upon certification, the medical provider, whether a clinic or an individual, was assigned a provider identification number for billing purposes (referred to as a PIN). When the medical provider rendered a service, the provider submitted a claim for reimbursement to the Medicare contractor/carrier that included the PIN assigned to that medical provider.

7. Health care providers and others were given and/or provided with online access to Medicare manuals and services bulletins describing proper billing procedures and billing rules and regulations. Providers could only submit claims to Medicare for services they rendered and providers were required to maintain patient records to verify that the services were provided as described on the claim form.

8. In order to receive reimbursement for a covered service from Medicare, a provider was required to submit a claim, either electronically or using a form (e.g., a CMS-1500 form or UB-92) containing the required information appropriately identifying the provider, patient, and services rendered.

9. Medicare does not cover home health services that are procured by kickbacks or bribes.

### The Home Health Agency

10. Premium Home Health Care, Inc. ("Premium") was a Michigan corporation located at 2015 E. 16 Mile Rd., Sterling Heights, Michigan. Premium was enrolled as a participating provider with Medicare and submitted claims to Medicare.

### The Defendant

11. ROMMEL PEREZ, 47, is a resident of Wayne County, Michigan and was the owner of Premium. PEREZ paid illegal kickbacks and bribes in exchange for receiving referrals for Medicare beneficiaries to Premium.

12. PEREZ, on behalf of Premium, certified to Medicare that he would comply with all of Medicare's rules and regulations, including that he would not knowingly present or cause to be presented a false and fraudulent claim to Medicare or violate the Anti-Kickback Statute.

### COUNT 1
### 18 U.S.C. § 371
### Conspiracy to Offer and Pay Kickbacks and Bribes in Connection with a Federal Health Care Program
### D-1 ROMMEL PEREZ

13. Paragraphs 1 through 12 of the General Allegations section of this Information are re-alleged and incorporated by reference as though fully set forth herein.

14. Beginning in or around January 2011 and continuing through in or

around 2018, in the Eastern District of Michigan, and elsewhere, **ROMMEL PEREZ**, did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with others known and unknown to the U.S. Attonrney:

      a.    to violate Title 42, United States Code, Section 1320a-7b(b)(2)(A), by knowingly and willfully offering and paying remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, to any person to induce such person to refer an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part under a federal health care program, that is, Medicare.

### Purpose of the Conspiracy

15.    It was a purpose of the conspiracy for **ROMMEL PEREZ**, and his co-conspirator(s), to unlawfully enrich themselves by: (1) offering, paying, soliciting, and receiving kickbacks and bribes to ensure that Medicare beneficiaries would serve as patients at Premium; and (2) submitting or causing the submission of claims to Medicare for medical items and services purportedly provided to these recruited beneficiaries.

## Manner and Means

The manner and means in which defendant and his co-conspirator(s) sought to accomplish the purpose of the conspiracy included, among others, the following:

16. From in or around 2011 to in or around the present, **ROMMEL PEREZ,** paid illegal kickbacks and bribes to co-conspirator patient recruiter(s), in exchange for patient referral information that was used to submit false and fraudulent claims to Medicare on behalf of Premium. **ROMMEL PEREZ** disguised the nature and source of these kickbacks and bribes by designating payments as "consulting fees," payroll checks, and/or entering into sham employment relationships. **ROMMEL PEREZ** knew that it was illegal to pay kickbacks and bribes for the referral of Medicare beneficiaries to Premium.

## Overt Acts

17. In furtherance of the conspiracy, and to accomplish its objects and purpose, at least one of the co-conspirators committed and caused to be committed in the Eastern District of Michigan, and elsewhere, at least one of the following overt acts, among others:

18. On or about December 2, 2015, **ROMMEL PEREZ** caused check number 6162 from Premium's bank account, in the approximate amount of $1235.11, to be deposited into Co-conspirator 1's bank account ending in x4934

All in violation of Title 18 United States Code, Section 371.

## FORFEITURE ALLEGATIONS
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; 18 U.S.C. § 982(a)(7))

19. The above allegations contained in this Information are hereby incorporated by reference as if fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C) and 982; and Title 28, United States Code, Section 2461.

20. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461, as a result of the foregoing violation, as charged in Count 1 of this Information, the defendant, **ROMMEL PEREZ,** shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense.

21. Pursuant to Title 18, United States Code, Section 982(a)(7), as a result of the foregoing violations, as charged in Count 1 of this Information, the defendant, **ROMMEL PEREZ,** shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

22. Such property includes, but is not limited to, a forfeiture money judgment, in an amount to be proved in this matter, representing the total amount

7

of proceeds and/or gross proceeds obtained as a result of Defendant's violations as charged in Count 1 of this Information.

23. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, **ROMMEL PEREZ**, shall forfeit substitute property, up to the value of the properties described above or identified in any subsequent forfeiture bills of particular, if, by any act or omission of the defendant, the property cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property that cannot be subdivided without difficulty.

Respectfully submitted,

MATTHEW J. SCHNEIDER
United States Attorney

*Wayne F. Pratt/kzm*
WAYNE F. PRATT
Chief, Health Care Fraud Unit
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI  48226
(313) 226-2548
wayne.pratt@usdoj.gov

*Malisa Dubal*
Malisa Dubal
Assistant Chief
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W., Third Floor
Washington, D.C. 20005
(202) 660-2001
Malisa.dubal@usdoj.gov

Patrick J. Suter
Steven Scott
Trial Attorneys
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W., Third Floor
Washington, D.C. 20005
(202) 679-1430
patrick.suter2@usdoj.gov

Date: July 16, 2019

| United States District Court<br>Eastern District of Michigan | Criminal Case Cove— | Case: 2:19-cr-20475<br>Judge: Berg, Terrence G.<br>MJ: Stafford, Elizabeth A.<br>Filed: 07-16-2019 At 03:07 PM<br>INFO USA V. PEREZ (DA) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to compl—

## Companion Case Information

**Companion Case Number:** 18-CR-20403

This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]:

**Judge Assigned:** Hon. Denise Page Hood

☒ Yes    ☐ No

**AUSA's Initials:** _SS_

**Case Title:** USA v. Rommel Perez

**County where offense occurred:** Wayne County

**Check One:**   ☒ Felony   ☐ Misdemeanor   ☐ Petty

____Indictment/ ✓ Information --- **no prior complaint.**
____Indictment/____Information --- **based upon prior complaint** [Case number:                    ]
____Indictment/____Information --- **based upon LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____   **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

July 16, 2019
Date

_/s/ S. Scott_

Steven Scott, Trial Attorney
211 West Fort Street, Detroit, MI 48226
Phone: (202) 262-6763
Fax:     (313) 226-0816
E-Mail address: Steven.Scott@usdoj.gov
Attorney Bar #: ILLINOIS 6306957

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.